Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 570 | **DATE** | 8/24/2000 |
| **CASE TITLE** | Rodney Morgan vs. Northeast Ill. Regional etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to terminate Rule 39 support payments and for sanctions is granted in part and denied in part. Status hearing set for October 12, 2000 at 9:45am. is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | AUG 2 5 2000 |
| | Notified counsel by telephone. | | date docketed |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | ED-7 | docketing deputy initials |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | |
| WAH | courtroom deputy's initials | 00 AUG 25 PM 12: 19 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number 21

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| RODNEY MORGAN, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 97 C 570 |
| NORTHEAST ILLINOIS REGIONAL RAILROAD CORPORATION, a/k/a METRA, | ) ) ) | **DOCKETED** |
| Defendant. | ) ) | AUG 2 5 2000 |

## MEMORANDUM OPINION AND ORDER

This case will be part of the new docket for Judge Darrah. Before it is transferred, however, we need to clear up a matter occasioned by this court's error.

On June 18, 1997, this court authorized plaintiff's counsel to advance medical and living expenses to plaintiff. We relied upon Local General Rule 39, as presented to the court by plaintiff's counsel. The motion includes a certificate of service, but defendant's counsel represents that he never received it. In any event, he was not in court when the motion was granted. The granting of the motion was in error. Plaintiff's counsel and the court relied upon a version of Local General Rule 39 that had been abrogated three and-a-half months before, a version in conflict with rules governing professional responsibilities. Defendant now seeks an order terminating support payments, permission to elicit testimony about the payments at trial, a ruling that such payments will be a setoff against any verdict, and a ruling as to whether or not defendant's counsel has an obligation to report the payments as professional misconduct.

Although plaintiff's counsel represents that he was not aware of the payments until

May 2000, when they ceased, the matter was the subject of deposition testimony on October 21, 1998. We believe that defendant's concern has escalated as its counsel has increasingly come to conclude that plaintiff is malingering. It is entitled, at trial, to bring out the amount and duration of payments as a reason why plaintiff has not returned to work. Those payments ceased in May of this year, and they will not be resumed. We do not rule on the effect such payments might have on any damages recovery. And we credit plaintiff's counsel's explanation that his reliance on an abrogated rule was inadvertent and that he acted in good faith. The motion and ruling are on the docket record and plaintiff testified about the payments at his deposition. We see no reporting obligation in those circumstances.

JAMES B. MORAN
Senior Judge, U. S. District Court

Aug. 24, 2000.